Case 4:23-cv-01766   Document 11   Filed on 04/17/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE SCOTT GRIFFITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01766 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Lawrence Scott Griffith's petition for a writ of habeas corpus. Having carefully considered the petition, the Respondent's answer, Griffith's reply, and all the arguments and authorities submitted by the parties, the Court is of the opinion that Griffith's petition should be dismissed.

### I. Background

Griffith was convicted of capital murder and sentenced to life imprisonment. He does not challenge his conviction or sentence, but rather challenges his continued confinement under changes to the Texas mandatory supervision law, and challenges the constitutionality of parole board proceedings. Griffith filed this federal petition, the respondent answered the petition arguing failure to exhaust available state remedies, and Griffith replied to the response.

### II. Analysis

Griffith raises various constitutional challenges to the Texas mandatory supervision law and to parole board procedures. The respondent argues that Griffith's claims are unexhausted.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a prisoner exhaust his available State remedies before raising a claim in a federal habeas petition.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). As the Fifth Circuit explained in a pre-AEDPA case, "federal courts must respect the autonomy of state courts by requiring that petitioners advance in state court all grounds for relief, as well as factual allegations supporting those grounds." *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989). "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000); *see* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). Because Petitioner did not present his claims to the Texas state courts, he has failed to properly exhaust them, and this Court may not consider them. *Knox*, 884 F.2d at 852 n.7.

Griffith argues that Texas Court of Criminal Appeals Chief Judge Sharon Keller and former Attorney General (and current Governor) Greg Abbott abused their authority to retroactively and unconstitutionally change mandatory supervision law, and that their continued presence in positions of power renders the state habeas corpus process ineffective to protect his rights. Griffith's belief that he was unlikely to prevail in state court does not render the process ineffective. Had Griffith given the state courts the first opportunity to correct any constitutional defect in his continued confinement, he may have obtained relief. If he did not, he could then have raised the

same claims in this Court and, if the state habeas court was wrong as a matter of constitutional law, could have obtained relief in this Court. Because, however, Griffith has not given the Texas courts the first opportunity to address his claims, the claims are unexhausted. Griffith's petition must therefore be dismissed.

## III.     Certificate of Appealability

Griffith has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Griffith failed to exhaust his claims for relief. Therefore, Griffith has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

**IV.     Order**

For the foregoing reasons, Lawrence Scott Griffith's Petition for Writ Of Habeas Corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on April 17, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge