United States District Court
Southern District of Texas
**ENTERED**
February 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE SCOTT GRIFFITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-01766 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Lawrence Scott Griffith's motion to alter or amend the judgment.

**I.    Background**

Griffith was convicted of capital murder and sentenced to life imprisonment.  He filed a petition for a writ of habeas corpus challenging his continued confinement under changes to the Texas mandatory supervision law, and challenged the constitutionality of parole board proceedings.  This Court dismissed the petition, finding that Griffith failed to exhaust available state remedies.  Griffith now moves to alter or amend that judgment, arguing that he was prevented from  exhausting state remedies, and that changes to Texas law render state habeas proceedings ineffective to address his claims, thereby excusing the exhaustion requirement.

## II.  **Analysis**

A motion to alter or amend under Fed.R.Civ.P. 59(e) "must clearly establish either a manifest error of law or must present newly discovered evidence." *Schiller v. Physicians Resource Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)(internal quotation marks omitted).  "Relief under Rule 59(e) is also appropriate where there has been an intervening change in controlling law."  *Id.*

Griffith argues that a prison official refused to provide him with a form for filing a state habeas corpus application, that he was placed in segregation and his legal materials and typewriter were destroyed while he attempted to prepare his state filings, and that changes to Texas law prevent state habeas corpus review of parole denials.  He contends that these all prevented him from exhausting state remedies, and that the state habeas process is ineffective for vindicating his rights.  The respondent argues that relief should be denied because Griffith's underlying claims are partially time-barred, and otherwise fail on the merits.

Griffith's petition raised four claims for relief:

1. He was denied due process when the parole board denied him an interpreter or a hearing aid during his parole interviews in June and August 2022;

2. A change in Texas law unconstitutionally affected his release to mandatory supervision;

3. The change to the mandatory supervision law subjects him to a violation of his rights under the Thirteenth Amendment; and

4. His continued imprisonment violates the double jeopardy and *ex post facto* clauses.

### A. **Mandatory Supervision**

Griffith is serving a life sentence for a capital murder committed on March 17, 1983.

https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=02534822; Petition (Doc. # 1)

at 2. The Fifth Circuit has explained that, under the mandatory supervision statute in effect at the

time of Griffith's offense, a life-sentenced inmate is not eligible for release to mandatory

supervision.

> At the time of [Griffith]'s offense, the Texas statute governing
> eligibility for release to mandatory supervision provided that an
> inmate not under sentence for death "shall be released to mandatory
> supervision" when the calendar time he has served plus any accrued
> good conduct time equal the maximum term to which he was
> sentenced." TEX.CRIM. PROC.CODE ANN. art. 42.12, § 15(c)
> (Vernon 1981). In *Ex Parte Franks,* 71 S.W.3d 327, 327–28
> (Tex.Crim.App.2001) the Texas Court of Criminal Appeals (TCCA)
> determined that the Texas mandatory supervision statute at issue in
> the present case does not permit a life-sentenced inmate to be
> eligible for release to mandatory supervision. The state court
> construed the plain language of the mandatory supervision statute
> and explained that "it is mathematically impossible to determine a
> mandatory supervision release date on a life sentence because the
> calendar time served plus any accrued good conduct time will never
> add up to life." *Id.* at 328.

*Stewart v. Crain*, 308 F. App'x 748, 749 (5th Cir. 2009). Because Griffith is not eligible for

mandatory supervision and was not eligible for mandatory supervision when he was sentenced,

any changes to the mandatory supervision law cannot have adversely affected his right to

mandatory supervision. Therefore, he is not entitled to relief on any of his claims relating to

mandatory supervision.

### B. **Due Process**

"[T]here is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Because the decision whether to grant parole is entirely discretionary, the Texas parole process does not create any constitutionally protected liberty interest.  "[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."  *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 (1987).  "It follows that because [Griffith] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions.  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  In the absence of any liberty interest, there can be no deprivation of liberty to which process is due.  Therefore, Griffith's claims concerning the parole process are without merit.

## III.    **Certificate of Appealability**

A certificate of appealability ("COA") may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further."  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the
> merits, the showing required to satisfy § 2253(c) is straightforward:
> The petitioner must demonstrate that reasonable jurists would find
> the district court's assessment of the constitutional claims debatable
> or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This Court has carefully considered the petition and the motion to alter or amend the judgment and concludes that jurists of reason would not find it debatable that Griffith is not entitled to relief.  Therefore, Griffith has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

## IV.    <u>Order</u>

For the foregoing reasons, Lawrence Scott Griffith's Motion to Alter or Amend the Judgment (Doc. # 13) is GRANTED to the extent that the dismissal of his petition is now on the merits rather than on the grounds that he failed to exhaust his available state remedies.  No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on February 11, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge